UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jason Ranjo and Erin Ranjo, <br><br> Plaintiffs, <br><br> v. <br><br> First Home Mortgage Corporation.; Experian Information Solutions, Inc.; and TransUnion, LLC, <br><br> Defendants. | § § § § § § § § § § § § § § § § § Case No. 3:22-cv-4599 |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by individual consumers for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs are residents of the County of Somerset, New Jersey.

5. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant First Home Mortgage Corporation ("First Mortgage") exists and operates under the laws of the State of New Jersey and is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a company existing and operating under the laws of the State of New Jersey that engages in the business of maintaining and reporting consumer credit information.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant TransUnion, LLC ("TransUnion") is a company existing and operating under the laws of the State of New Jersey that engages in the business of maintaining and reporting consumer credit information.

10. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiffs are consumers who are the victims of inaccurate reporting by Defendants First Mortgage, Experian, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

12. Experian and TransUnion are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

13. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

14. Experian and Transunion each have a duty, under the FCRA, to follow

reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. In January 2022 Plaintiffs discovered the Plaintiffs' First Mortgage account (the "Account") was being reported in error – specifically Plaintiffs' credit reports showed the Account as having a late payment on the Account.

16. The late payment relates to Plaintiffs' December 2021 mortgage payment.

17. On or about December 20, 2021, Plaintiffs made the December mortgage payment through First Mortgage's website.

18. On December 31, 2021, Plaintiffs set up automatic payments through First Mortgage's website and the automatic payments were to begin January 1, 2022.

19. In January 2022, Plaintiffs made the January 2022 payment via automatic payment to First Mortgage.

20. Plaintiffs received confirmation emails from First Mortgage that Plaintiffs' December 2021 and January 2022 payments were being processed.

21. Despite Plaintiffs making two timely payments to First Mortgage, Plaintiffs' Account was marked late in January 2022.

22. Plaintiffs reviewed their payment history on the First Mortgage website and learned that their December 2021 and January 2022 payments were marked as "returned check reversal – long form."

23. Plaintiffs' payments should not have been reversed because Plaintiffs had sufficient funds in the bank account the payments were to be pulled from.

24. First Mortgage did not notify Plaintiffs when either payment was rejected

until Plaintiffs received a phone call from First Mortgage on January 10, 2022.

25. Plaintiffs immediately made a payment to rectify any delinquency showing on the Account.

26. This materially misleading late payment has become a permanent component of the Plaintiffs' credit profile and is reported to those who ask to review the credit history of Plaintiffs.

27. Defendant First Mortgage continues, erroneously, to report the Account with a late payment to Experian and Transunion, which are CRAs for Plaintiffs' consumer report.

28. The materially misleading information regarding the Account appearing on Plaintiffs' consumer reports harms the Plaintiffs because it misrepresents each Plaintiffs' credit history and creditworthiness.

29. The materially misleading information regarding the Account is also provided to third parties who wish to view each Plaintiffs' consumer reports.

### WRITTEN DISPUTE

30. On or about March 28, 2022 Plaintiffs sent a written letter to Experian and TransUnion disputing the inaccurate information regarding the Account reporting on Plaintiffs' consumer report, including supporting documents, and also requesting from each a description of the procedure used to determine the accuracy and completeness of the information Plaintiffs were disputing (the "Disputes").

31. Upon information and belief, Experian and TransUnion forwarded Plaintiffs' Disputes to First Mortgage for reinvestigation.

32. Upon information and belief, First Mortgage received notification of Plaintiffs' Disputes from Experian and TransUnion.

33. First Mortgage failed to conduct a reasonable investigation, failed to contact Plaintiffs or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

34. Experian and TransUnion each failed to conduct an investigation, contact Plaintiffs, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

35. First Mortgage failed to instruct Experian and TransUnion to remove the false information reporting on Plaintiffs' consumer report.

36. Experian TransUnion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiffs' Dispute.

37. Experian TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiffs' consumer report.

38. At no point after receiving the Dispute did any Defendant communicate with Plaintiffs to determine the veracity and extent of Plaintiffs' Disputes.

### COUNT I – First Mortgage

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

39. Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

40. After receiving the Disputes, First Mortgage failed to correct the false information regarding the Account reporting on Plaintiffs' consumer report.

41. First Mortgage violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiffs' Disputes; by failing to review all relevant information regarding Plaintiffs' Disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

42. As a result of this conduct, action, and inaction of First Mortgage, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the trier of fact.

43. The conduct, action, and inaction of First Mortgage was willful, rendering it liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, First Mortgage was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

45. Plaintiffs is entitled to recover costs and attorneys' fees from First Mortgage pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian and TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

46. Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

47. After receiving the Disputes, Experian and TransUnion failed to correct the false information reporting on Plaintiffs' consumer report.

48. Experian and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

49. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiffs suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the trier of fact.

50. Experian and TransUnion each disclosed Plaintiffs' consumer reports to third parties.

51. The conduct, action, and inaction of Experian and TransUnion was willful, rendering each liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

52. In the alternative, Experian and TransUnion each was negligent, and Plaintiffs are entitled to recover damages under 15 U.S.C. § 1681o.

53. Plaintiffs are entitled to recover costs and attorneys' fees from Experian and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Experian and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

54. Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

55. After receiving the Disputes, Experian and TransUnion failed to correct the false information reporting on Plaintiffs' consumer report.

56. Experian and TransUnion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files, and by failing to provide Plaintiffs with a description of its procedures used to determine the accuracy and completeness of the disputed information.

57. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiffs suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the trier of fact.

58. The conduct, action, and inaction of Experian and TransUnion was willful, rendering Experian and TransUnion liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

59. In the alternative, Experian and TransUnion each was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

60. Plaintiffs is entitled to recover costs and attorneys' fees from Experian and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: July 15, 2022

By: */s/ Kristen Morris*
Kristen Morris, Esquire
23 Mays Landing Road #6
Somers Point NJ 08244
Telephone: (609) 204-5316
Fax: (602) 218-4447
Attorney for Plaintiff